IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-78-D
No. 4:14-CV-117-D

| | |
|---|---|
| JEFFREY BERNARD JOYNER, | ) |
| Petitioner, | ) ) ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

On July 7, 2014, Jeffery Bernard Joyner ("Joyner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 126-month sentence [D.E. 85]. On January 12, 2015, the United States ("government") moved to dismiss Joyner's section 2255 motion [D.E. 94]. On February 19, 2015, Joyner responded in opposition to the government's motion to dismiss [D.E. 100]. As explained below, the court grants the government's motion to dismiss and dismisses Joyner's section 2255 motion.

I.

On February 21, 2012, a federal grand jury in the Eastern District of North Carolina indicted Joyner [D.E. 47]. The grand jury charged Joyner with (1) conspiracy to distribute and to possess with the intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one); (2) possession with intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) (count two); (3) two counts of distribution of a quantity of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (counts three and four); and (4) one count of distribution of a quantity of cocaine

in violation of 21 U.S.C. § 841(a)(1) (count five). See id.

On March 19, 2012, pursuant to a plea agreement [D.E. 54], Joyner pleaded guilty to count two. See [D.E. 53]. On June 15, 2012, the court held a sentencing hearing and calculated Joyner's initial advisory guideline range to be 84 to 105 months' imprisonment, based on a total offense level of 23 and a criminal history category of V. See Sentencing Tr. [D.E. 77] 6. The court then upwardly departed under U.S.S.G. § 4A1.3 because Joyner's criminal history category substantially underrepresented the seriousness of Joyner's criminal history and the likelihood that Joyner would commit other crimes. See id. 19–20. Specifically, the court departed to criminal history category VI and a total offense level of 26, resulting in an advisory guideline range of 120 to 150 months' imprisonment. See id. 23. After considering the entire record and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Joyner to 126 months' imprisonment. See id. 35–42.

Joyner appealed his conviction and sentence. Joyner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing that there were no meritorious issues for appeal, but questioning the substantive reasonableness of Joyner's 126-month sentence. See [D.E. 81] 2. Joyner filed a pro se supplemental brief arguing (1) that count two was duplicitous because it charged more than one overt act and more than one controlled substance; and, (2) that his guilty plea was not knowing because the district court did not explain that the threshold drug quantity was satisfied by aggregating drug quantities from several instances or transactions. See [D.E. 81] 5–7; Brief of Appellant, United States v. Joyner, No. 12-4483 (4th Cir. Mar. 20, 2013), [D.E. 39]. On June 27, 2013, the United States Court of Appeals for the Fourth Circuit concluded that Joyner's sentence was substantively reasonable, that Joyner waived his challenge to the superseding indictment, and that Joyner had knowingly entered his guilty plea in light of his sworn statements at his Rule 11 hearing. See United States v. Joyner, 531 F. App'x 329, 331–33 (4th Cir. 2013) (per

curiam) (unpublished).

Joyner filed a petition for writ of certiorari with the Supreme Court of the United States. On March 10, 2014, the Supreme Court denied Joyner's petition. See Joyner v. United States, 134 S. Ct. 1528 (2014).

On July 7, 2014, Joyner filed his section 2255 motion. In the motion, Joyner asserts three claims of ineffective assistance of counsel: (1) trial counsel failed to move to dismiss count two for duplicity; (2) trial counsel failed to object to the factual basis of Joyner's guilty plea at Joyner's Rule 11 hearing even though the government improperly aggregated the drug quantities distributed over several instances while giving the factual basis of the plea; and, (3) trial counsel failed to object to the drug weight at sentencing on the basis of the lead investigator's alleged misconduct. See [D.E. 85-1] 4–10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th

3

Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385–86 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must

attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to show prejudice, a defendant must show a "reasonable probability" that, but for counsel's deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective assistance of counsel claim on a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013).

As for Joyner's argument that counsel was ineffective for failing to move to dismiss count two as duplicitous, Joyner raised the duplicity issue on direct appeal, and the Fourth Circuit rejected it. See Joyner, 531 F. App'x at 332–33. Absent any change in the law, Joyner cannot use section 2255 to recharacterize and relitigate a claim that the Fourth Circuit properly rejected on direct appeal. See, e.g., Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Alternatively, and in any event, Joyner's guilty plea was knowing and voluntary and resulted in the waiver of all non-jurisdictional defects, including the alleged defect in count two of the superseding indictment. See, e.g., Tollett v. Henderson, 411 U.S. 258, 266 (1973); Joyner, 531 F. App'x at 332–33. Thus, Joyner's first claim fails.

Next, Joyner contends that his trial counsel was ineffective by failing to object to the factual basis of his guilty plea given that the government allegedly improperly aggregated the drug quantities distributed over several instances. Joyner, however, unsuccessfully attacked the validity of his guilty

5

plea on direct appeal,[1] and cannot use section 2255 to recharacterize and relitigate a claim that the Fourth Circuit properly rejected on direct appeal. See, e.g., Dyess, 730 F.3d at 360; Linder, 552 F.3d at 396–97; Roane, 378 F.3d at 396 n.7; Boeckenhaupt, 537 F.2d at 1183. Thus, Joyner's second claim fails.

Alternatively, the Rule 11 transcript reflects a knowing and voluntary plea to count two of the superseding indictment. See Rule 11 Tr. [D.E. 76] 4–25. Moreover, Joyner's sworn admissions at the Rule 11 hearing are binding on him, and the factual basis was adequate. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005); Fed. R. Crim. P. 11(b)(3). Thus, Joyner's second claim fails.

Finally, Joyner contends that counsel was ineffective for failing to object to the relevant drug weight at sentencing based on the lead investigator's alleged misconduct. See [D.E. 85-1] 8–10. Joyner, however, failed to raise this alleged prosecutorial misconduct claim on direct appeal. Thus, the general rule of procedural default bars Joyner from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Joyner has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir.1999). Thus, Joyner's third claim fails.

---

[1] See Joyner, 531 F. App'x at 332–33.

Alternatively, Joyner's third claim fails for at least two other reasons. First, Joyner has not plausibly alleged misconduct. See, e.g., Iqbal, 556 U.S. at 677–78. Second, and in any event, Joyner bases his entire theory of ineffective assistance of counsel in his third claim on the notion that his counsel should have objected to the alleged investigator misconduct and thereby convinced the court to reduce his drug weight and thereby reduce his advisory guideline range. See [D.E. 85-1] 8–10. Joyner, however, stipulated to a total drug weight in his plea agreement, [D.E. 54] 7, and the court used that stipulated drug weight. See Sentencing Tr. [D.E. 77] 5–6. Counsel's failure to make a baseless objection is not ineffective assistance of counsel. See, e.g., Knowles v. Mirzayance, 556 U.S. 111, 123–28 (2009). Accordingly, Joyner's third claim fails.

After reviewing the claims presented in Joyner's section 2255 motion, the court determines that reasonable jurists would not find the court's treatment of any of Joyner's claims debatable or wrong, and that none deserve encouragement to proceed further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 94] and DISMISSES Joyner's section 2255 motion [D.E. 85]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 20 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge

7