IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CR-78-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JEFFREY BERNARD JOYNER, | ) |
| | ) |
| Defendant. | ) |

On March 19, 2012, pursuant to a plea agreement [D.E. 54], Jeffrey Bernard Joyner ("Joyner") pleaded guilty to possession with the intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). See [D.E. 54, 76]. On June 15, 2012, the court held Joyner's sentencing hearing. See Sent. Tr. [D.E. 77]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See id. 3–7; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Joyner's total offense level to be 23, his criminal history category to be V, and his advisory guideline range to be 84 to 105 months. See Sent. Tr. 6. The court then upwardly departed under U.S.S.G. § 4A1.3 and established a new advisory guideline range of 120 to 150 months based on a total offense level of 26, and a criminal history category of VI. See id. 7–23. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Joyner to 126 months' imprisonment. See id. 23–39. On June 27, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Joyner's conviction and sentence. See Joyner v. United States, 531 F. App'x 329, 330–33 (4th Cir. 2013) (per curiam) (unpublished).

On September 24, 2015, Joyner filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines and a

memorandum in support. See [D.E. 110, 111]. Joyner's new advisory guideline range is 70 to 87 months' imprisonment, based on a total offense level of 21 and a criminal history category of V. See Resentencing Report. Joyner requests a sentence of 105 months. See [D.E. 111] 4. On September 29, 2015, the government responded. See [D.E. 113].

The court has discretion to reduce Joyner's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Joyner's sentence, the court finds that Joyner engaged in serious criminal behavior. See PSR [D.E. 58] ¶¶ 7–10. Furthermore, Joyner has a disturbing criminal history. Joyner's criminal history includes convictions for restricting/obstructing a public officer (two counts), unauthorized use of a motor vehicle, felony breaking and entering, assault with a deadly weapon, assault (two counts), possession of a firearm by a felon, solicitation to commit assault with a deadly weapon with the intent to kill or inflict serious injury, and possession with intent to distribute cocaine base. See id. ¶¶ 13–29. Joyner also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 14–15, 21–22, 25, 29, 48–60. Nonetheless, Joyner has engaged in some positive behavior while incarcerated on his federal sentence. See [D.E. 111] 4–7.

Having reviewed the entire record and all relevant policy statements, the court finds that Joyner received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Joyner's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the

2

court denies Joyner's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Joyner's motion for reduction of sentence [D.E. 110].

SO ORDERED. This 11 day of November 2016.

*JAMES C. DEVER III*
Chief United States District Judge